UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANNY LOMBARDOZZI,
MICHAEL DABNEY, and
PATRICIA DABNEY,
on behalf of themselves and all others
similarly situated,

              Plaintiffs,

v.                                    Case No. 3:15-cv-533/MCR/EMT

TAMINCO US INC.,

              Defendant.
_____/

## ORDER

Before the court is Defendant's Emergency Motion to Strike Plaintiffs' Expert Report, ECF No. 46, for the failure to comply with Federal Rule of Civil Procedure 26(a). *See* Fed. R. Civ. P. 37(c)(1).  In the alternative, Defendant requests that the court vacate the current expert discovery deadlines until such time as the court rules on the motion. In response, Plaintiffs argue that their Expert's Report is complete for use at the class certification stage.  Having fully considered the matter, the court finds that Defendant's Motion to Strike should be denied.[1]

---

[1] Defendant's request for oral argument will also be denied.

Case No. 3:15-cv-533/MCR/EMT

**Background**

At issue in this motion is a report written by Plaintiffs' expert, Jim Tarr, which identifies and explains in detail two types of air dispersion models and a mapping program that he intends to use at the merits stage of the litigation to determine the impact of air emissions on the community near the Taminco facility between 2011 and 2016.  The eight-page report[2] discusses the type of data necessary to run the models, such as, pollutant emission rates, meteorological data, and physical characteristics of the emission sources, and states that the data will be pulled from a multitude of sources, including, but not limited to, facility permits, photographs, scientific literature, and topographic maps.  Using two types of models for either short-term or long-terms releases, Tarr states that he will be able to calculate the concentrations of odor-causing chemical compounds within the community, which will then be mapped to determine the boundary of those impacts.  Tarr also opines in his report that, on two previous occasions, the Defendant applied an outdated and unreliable computer model to study the releases of the odorous chemical compounds from its facility.  Plaintiffs submitted the report to Defendant on August 31, 2016, and Defendant filed its Motion to Strike on October 10, 2016, just prior to Defendant's October 31 deadline for filing its own expert disclosures and report.

---

[2] Tarr's Report also includes a fourteen-page appendix, which illustrates the type of data his models will produce, as well as his qualifications.

Case No. 3:15-cv-533/MCR/EMT

**Standard**

Rule 37(c)(1) provides for the exclusion of an expert report that fails to comply with Rule 26(a) unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

**Discussion**

Defendant argues that Tarr's report fails to comply with Federal Rule of Civil of Procedure 26(a)(2)(B)(i) because the report does not contain an opinion. The court disagrees. Under Rule 26, "[e]ach witness must provide a written report containing a complete statement of all opinions to be expressed and the basis and reasons therefor, as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony." *Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1410 (11th Cir. 2011) (quoting *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004)). The intention of the disclosure requirement is "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1362-63 (11th Cir. 2008) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)).

While Tarr's report does not include results from running the air dispersion models, nor any conclusions based on the models' results, Tarr's report does not

wholly fail to provide an opinion.  In his eight-page report, Tarr states he is qualified to run a reliable, class-wide analysis of the effects of the chemical compound releases from the Taminco facility.  ECF No. 46-2.  He provides a lengthy discussion of the types of models he proposes to use, the results that the models will provide, and the necessary data to run the models, as well as the sources of that data.  Tarr's opinion is that he will be able to utilize the results from his models to reach his conclusions regarding the impacts of the chemical compound emissions on the surrounding community.  Although Tarr does not offer any conclusions or opinions about the impact of the emissions on the properties surrounding the plant, he does opine that the models are susceptible to a class-wide analysis and that his proposed evaluation "*will demonstrate* the presence of frequent and significant odor impacts." *Id.* at 12 (emphasis added).  Plaintiffs maintain that this report will be used at the class certification stage to show "the availability of [a] class-wide analysis."  ECF No. 49 at 4.

Defendant argues that the limited nature of Tarr's report will not allow for a meaningful deposition.  The court disagrees.  The fact that Tarr's report could have contained opinions about the impact of the emissions on the properties in question had he run the models does not make the report deficient under Rule 26. Defendant's concerns regarding the adequacy of Tarr's report for class certification are not relevant to the court's review under Rule 26.  Defendant remains free to

Case No. 3:15-cv-533/MCR/EMT

challenge the reliability of Tarr's expert opinions in a properly framed *Daubert* challenge, summary judgment motion, or in opposition to a motion to certify the class. The challenge is premature at this time.[3]

Accordingly, Defendant's motion to strike, ECF No. 46, is **DENIED**. The deadline for expert disclosures and expert reports as to class certification will be tolled for the period of time this motion was pending, and 11 days will be added to the deadline, which is currently October 31, 2016.

**DONE** and **ORDERED** on this 21st day of October, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] The court notes that, in connection with any motion to certify a class, Tarr will be limited to the matters discussed and opinions expressed in his report.

Case No. 3:15-cv-533/MCR/EMT